UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL TRUCKLOAD, INC., | Case No. 22-10988 |
| Plaintiff, | Bernard A. Friedman |
| v. | United States District Judge |
| JOSEPH BRIDGE, | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

## ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL
### (ECF Nos. 19; 21)

Plaintiff Universal Truckload, Inc. filed this case on May 9, 2022. (ECF No. 1). Plaintiff raises claims of breach of contract and tortious interference. (*Id.*). This matter is presently before the Court on Plaintiff's February 17, 2023, motion to compel and Plaintiff's March 1, 2023, motion to compel. (ECF Nos. 19; 21). These motions to compel were referred to the undersigned. (ECF No. 32).

I.     **DISCUSSION**

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26.

1

Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

The central issue in this case is that Defendant allegedly breached his confidentiality and non-solicitation agreement with Plaintiff when Defendant solicited or otherwise accepted business from Plaintiff after Defendant accepted new employment. (ECF No. 1).

   a. *Motion to Compel Defendant*

Plaintiff seeks the Court to compel Defendant to answer three requests for production:

> Request for Production No. 1: revenue spreadsheet identifying the agents from whom he has derived commission payments since working at Transport Dynamics, Inc. and/or Transport Investments, Inc., as he testified during his deposition;
>
> Request for Production No. 2: all revenue reports upon which Defendant's commission checks have been based since working at

>Transport Dynamics, Inc. and/or Transport Investments, Inc. as Defendant testified during his deposition; and
>
>Request for Production No. 3: all lists reflecting all agents Defendant has signed and/or earned commissions from since working at Transport Dynamics, Inc. and/or Transport Investments, Inc. as Defendant testified during his deposition.

(ECF No. 19, PageID.327).  Plaintiff served these requests for production on Defendant and Defendant objected, asserting the requests were overly broad, unduly burdensome, open to multiple interpretations, not proportional to the needs of the case, and the discovery is not relevant.  (*Id.* at PageID.328-29).  Defendant further objected the information is confidential business, financial, trade or competitively sensitive and proprietary information and that the request sought "disclosure of confidential information of third parties that cannot be disclosed by [Defendant] without the prior consent of such parties because of contractual or confidentiality obligations."  (*Id.* at PageID.328).  Following the service of these requests for production, Plaintiff and Defendant held a meet-and-confer and Defendant objected on grounds that the requested documentation belonged to his employer and he could not produce confidential information without prior approval.  (*Id.*).  At this time, Plaintiff alleges "Defendant's counsel indicated that approval was not requested." (*Id.*).

Plaintiff served subpoenas for documents directly on Defendant's employer and the affiliated companies; Plaintiff also moves to compel these non-parties.

3

(*Id.*). Plaintiff received "nearly identical" objections and responses, each of which was submitted by the same counsel representing Defendant. (*Id.*). These objections were that the requests were overly broad and open to multiple interpretations, unduly burdensome because it does not allow adequate time to search for, review, and produce responsive documents within the timeframe specified, seeks documents which are neither relevant to the action nor reasonably calculated to lead to the discovery of admissible evidence, seeks information disproportionate to the needs of the case, and seeks confidential business, financial, trade, or competitively sensitive and proprietary information. (*Id.* at PageID.329-30).

Following these objections by the non-parties, Plaintiff's counsel asked Defendant to reevaluate the refusal to produce documents. (*Id.* at PageID.331). Defendant maintained his objection and noted there was no protective order in place. (*Id.*). The parties agreed to language of a stipulated protective order, which District Judge Friedman signed on February 16, 2023. (*Id.*; ECF No. 18). Defendant did not supplement the discovery requests following this protective order. (ECF No. 19, PageID.331).

Plaintiff argues the records sought are relevant to show which agents Defendant earned commission from and how much he earned from them. (*Id.* at PageID.334) (citing Defendant's deposition). Plaintiff argues this documentation

4

could also reveal additional agents, if any, that Defendant earned commission from in violation of the agreement. (*Id.*). Plaintiff further argues the documents sought go to both breach of contract and the damages sustained by Plaintiff. (*Id.* at PageID.335). As to expense, Plaintiff asserts accessing documentation does not outweigh the benefit because the documentation is maintained in a spreadsheet. (*Id.* at PageID.336). As to the confidentiality, Plaintiff argues the stipulated protective order renders these concerns moot. (*Id.* at PageID.337).

      Defendant argues the documents requested are not in his possession, custody, or control and he has no obligation to produce documentation not in his possession. (ECF No. 23, PageID.971-72). In response, Plaintiff argues Defendants objections were not that the documents were not in his possession, but that he could not produce confidential documents without his employer's consent. (ECF No. 31, PageID.1643). Plaintiff asserts this argument is waived because Defendant did not raise it in his responses. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Defendant did not object that the documents were not in his possession when he objected to this interrogatory. (ECF No. 19-8, PageID.560).

      That said, "[t]he party seeking production of documents bears the burden of proving that the opposing party has control over those documents." *Robert Bosch LLC v. Snap-On Inc.*, No. 12-11503, 2013 WL 823330, at *1 (E.D. Mich. Mar. 6,

2013) (finding that the defendants failed to meet their burden where they offered no evidence to demonstrate that Robert Bosch GmbH had control of documents within the possession of its subsidiary ETAS GmbH). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, *or has the legal right to obtain the documents on demand.*" *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (first emphasis original, second emphasis added) (further citation omitted). "[T]he relationship between the party and the person or entity having actual possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession." *Frye v. CSX Transp., Inc.*, 2016 WL 2758268, at *4 (E.D. Mich. May 12, 2016) (quoting *Gen. Envtl. Sci. Corp. v. Horsfall*, 1994 WL 228256, at *10, n. 15 (6th Cir. May 25, 1994)). "Legal ownership of the document is not determinative [of possession] under the rule." *Gluc v. Prudential Life Ins. Co. of Am.*, 309 F.R.D. 406, 416 (W.D. Ky. Aug. 5, 2015) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995)). Indeed, possession "extends not just to documents in the actual possession of a non-party officer or employee of a corporate party, *but also to materials that the officer or employee has a legal right to obtain.*" *Flagg v. City of Detroit*, 252 F.R.D. 346, 354 (E.D. Mich. Aug. 22, 2008) (emphasis added) (citing *Herbst v. Able*, 63 F.R.D. 135, 136 (S.D.N.Y. May

6

18, 1972)). The Eastern District of Michigan has concluded that "a party had control over materials in the possession of a third party *by virtue of its ability to secure the consent that was necessary to obtain a copy of these materials*." (*Id.*). (emphasis added)

Plaintiff argues "Defendant testified that he receives reports with commission information and maintains the documentation in a spreadsheet." (ECF No. 19, PageID.336). Plaintiff indicates "Defendant has never asserted that he requested but was denied consent [to produce the documents.]" (ECF No. 31, PageID.1643). Defendant has conveyed the documents "cannot be disclosed by [Defendant] without the prior consent of such parties because of contractual or confidentiality obligations," not that he lacks the legal right to obtain the documents or that he sought consent and was denied. (ECF No. 19-8, PageID.560). The Court is not persuaded that Defendant does not have a legal right to obtain the documents because Defendant appears to have the ability to secure the consent necessary to obtain these materials and has apparently not made effort to do so.

Defendant next argues the documents are not relevant because they are not reasonably calculated to lead to admissible evidence.[1] (ECF No. 23, PageID.972).

---

[1] The undersigned notes "reasonably calculated to lead to admissible evidence" is no longer the standard under Fed. R. Civ. P. 26 pursuant to April 2015 legislation that became effective December 2015.

Defendant asserts the documentation would not show how he gained the business and "Plaintiff's conclusory hunch that [Defendant] must have unlawfully solicited all the agents on the list is not enough to overcome its burden." (*Id.* at PageID.973-74). Plaintiff argues the documentation would demonstrate breach of the agreement as well as the damages sustained. (ECF No. 19, PageID.335). Defendant earns commissions based on agents who sell freight services on behalf of his employer and the documentation allegedly demonstrates the agents from which Defendants commission payments are derived. (*Id.* at PageID.320). The central allegations of this case are that Defendant diverted business from Plaintiff to his new employers in violation of his contract. Discovery into the scope of damages is relevant. *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-11500, 2013 WL 10572229, at *3 (E.D. Mich. Aug. 13, 2013); *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 223 (E.D. Mich. May 11, 2016). The documentation here tends to demonstrate the measure of damages, even if it would not show the way Defendant gained the business.

As Defendant may be able to command release of the documents by the person or entity in actual possession and the information is relevant, this motion to compel is **GRANTED**. (ECF No. 19). Defendant must fully answer within **14**

**days** of this Order.  While Defendant does not argue that he cannot command release of the documents, to the extent that Defendant is unable to do so, and the documentation compelled from the non-parties do not sufficiently satisfy these requests for production, the Plaintiff is **DIRECTED** to contact the Court and the undersigned will set a status conference.

Plaintiff seeks fees and costs associated with bringing the motion to compel against Defendant.  (*Id.* at PageID.312).  Federal Rule of Civil Procedure 37(a)(5)(A) mandates that, if a motion to compel is granted, a "party or attorney" must pay the "movant's reasonable expenses incurred in making the motion, including attorney's fees," unless one of three exceptions spelled out in the rule applies.  In response, Defendant argues his objections were substantially justified because the documents were not in his possession or control.  (ECF No. 23, PageID.979).  Yet Defendant appears not to have made any efforts to seek the release of the documents and the Court is not persuaded Defendant lacks the legal right to these documents.  Nor can the Court ignore that the information sought has been denied from every source.  Defendant's position in not seeking consent to turn over these documents is not substantially justified.  Reasonable expenses in bringing this motion are warranted, the parties are **DIRECTED** to meet and confer regarding the expenses.  If the parties cannot resolve the expenses during the meet and confer, the Court will hold a status conference on this issue.

9

b. *Motion to Compel Non-Parties*

Plaintiff has filed a second motion to compel against non-parties Jones Motor Group, Inc., Transport Dynamic Solutions, Inc., Transport Investments, Inc., Bridgeway Connects, Inc. and Erik La Torre (collectively "the non-parties"). (ECF No. 21). As to how the non-parties relate to this suit, Plaintiff alleges Defendant solicited La Torre as an agent, but that their relationship began during Defendant's employment with Plaintiff. (*Id.* at PageID.655). Plaintiff indicates Defendant signed La Torre as a customer for Jones Motor Freight. (*Id.* at PageID.657). The remaining non-parties appear to be corporate entities affiliated with Defendant's employer within the TII family of companies. (*Id.* at PageID.659-60).

Plaintiff served the following identical requests on non-parties Jones Motor Group, Inc., Transport Dynamic Solutions, Inc., Transport Investments, Inc., and Bridgeway Connects, Inc.:

1. Records of commissions earned by Defendant from [non-party] from May 17, 2021 to the present, including the customer and/or agent involved with each commission earned;
2. Revenue spreadsheets identifying the agents from whom Defendant derived commission payments from [non-party] from May 17, 2021 to present;
3. Revenue reports upon which commission payments to Defendant from [non-party] have been based, from May 17, 2021 to present;
4. Records reflecting agents Defendant has signed to work for [non-party] since May 17, 2021;

    5. Records reflecting agents Defendant has earned commission from since May 17, 2021.

(ECF No. 21, PageID.666-67).  From non-party Erik La Torre, Plaintiff sought:

1. Text messages between Erick La Torre and Defendant from May 1, 2021 to present;
2. Email messages between Erick La Torre and Defendant from May 1, 2021 to present;
3. Contracts between Erick La Torre or Celeritas Logistics Solutions and any company for which Defendant worked or was affiliated, directly or indirectly from May 1, 2021 to present;
4. Invoices showing payments made related to transporting freight with any company for which Defendant was involved, from May 1, 2021 to present;
5. Work orders between Erick La Torre or Celeritas Logistics Solutions and any company for which Defendant worked or was affiliated, directly or indirectly, from May 1, 2021 to present.

(*Id.* at PageID.667-68).  The non-parties objected to the subpoenas on the grounds that the document requests were overly broad, unduly burdensome, open to multiple interpretations, not proportional to the needs of the case, not reasonably calculated to lead to the discovery of admissible evidence, and sought confidential business, financial, trade, or competitively sensitive and proprietary information. (ECF No. 30, PageID.1633).  The non-parties do not argue confidentiality in their opposition motion.  In their opposition, the non-parties raise the same argument that Defendant raises, that the "documentation sought by Plaintiff has no bearing on the main issue in this case, which is whether [Defendant] unlawfully solicited Plaintiff's personnel, clients, customers, or accounts."  (*Id.* at PageID.1634).  Plaintiff asserts the information sought would show Defendant breached his

11

agreement by soliciting clients, customers, accounts, or the damages sustained by Plaintiff "based on the commissions Defendant earned from corresponding, agents, clients, and customers of Plaintiff" stemming from the alleged breach. (ECF No. 21, PageID.670). As discussed above, the measure of damages is relevant discoverable information. Thus, these documents must be produced.

As to the communications and work records sought from Erick La Torre, Plaintiff asserts the records are relevant to liability and damages. (*Id.* at PageID.671). Plaintiff argues the communications will "account for a portion of the West Marine business Plaintiff lost because of Defendant's violations." (*Id.*). In response, the non-parties argue Defendant has already produced such documentation and that "even if these documents had not already been produced by [Defendant], it would be an undue burden for Erick La Torre to search his text messages and emails for a period of almost two years for such communications." (ECF No. 30, PageID.1635). The non-parties do not cite any support for these arguments. Plaintiff argues that, of the discovery from Defendant related to La Torre, Defendant produced 57 pages, which started with an email on May 27, 2021, and ended with an email on December 14, 2021. (ECF No. 33, PageID.1690). Plaintiff asserts that Defendant produced only four screenshots of text messages for a nearly two-year period. (*Id.*). Plaintiff argues "[f]or an ongoing relationship where Defendant earns commissions from La Torre, it defies

credulity that there are no communications in 2022 or 2023." (*Id.*). Since the assertion of undue burden was unsupported, and it is unlikely that there were no communications between La Torre and Defendant in 2022 or 2023, La Torre must produce relevant, responsive documents.

Plaintiff seeks this Court to order the non-parties to respond within 14 days of this order. (ECF No. 21, PageID.673). As the information sought is properly discoverable, Plaintiff's motion to compel the non-parties is **GRANTED**. (ECF No. 21). The non-parties must fully answer within **14 days** of this Order.

    c. *Extension of Discovery Deadlines*

Plaintiff also seeks to extend discovery to April 6, 2023, and the dispositive motions deadlines to April 13, 2023. (ECF No. 19, PageID.338). Pursuant to District Judge Friedman's Scheduling Order, the dispositive motion deadline was March 6, 2023. (ECF No. 8). This deadline has already passed and both parties have filed motions for summary judgment. (ECF Nos. 24; 25). Since both parties have filed motions for summary judgment, the undersigned sees no value in extending discovery or the dispositive motion deadline. The parties may move to supplement their motions for summary judgment if they so choose.

    **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 30, 2023,         s/Curtis Ivy, Jr.
                              Curtis Ivy, Jr.
                              United States Magistrate Judge