UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL TRUCKLOAD, INC., | Case No. 22-10988 |
| Plaintiff, | Bernard A. Friedman |
| v. | United States District Judge |
| | |
| JOSEPH BRIDGE, | Curtis Ivy, Jr. |
| Defendant. | United States Magistrate Judge |
| _____/ | |

## ORDER ON MOTION FOR PROTECTIVE ORDER; MOTION FOR LEAVE TO FILE UNDER SEAL (ECF Nos. 26; 27).

Plaintiff Universal Truckload, Inc. filed this case on May 9, 2022. (ECF No. 1). This case is presently before the Court regarding Defendant Joseph Bridge's motion for protective order and motion for leave to file documents under seal. (ECF Nos. 26; 27). These motions were referred to the undersigned. (ECF Nos. 42). For the following reasons, the motions are **DENIED**.

### I.    Defendant's Motion for Protective Order

#### a. Standard

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause

1

exists for the order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show

good cause, the movant must articulate specific facts showing "clearly defined and

serious injury resulting from the discovery sought and cannot rely on conclusory

statements."  *Id.*  (citations and internal quotation marks omitted).

> b.  *Analysis*

On March 6, 2023, Defendant moved for a protective order[1] regarding

Plaintiff's February 20, 2023, subpoena directed at non-party West Marine.  (ECF

No. 26, PageID.1492).

Defendant's first argument is the subpoena should be 'quashed' because the

subpoena was filed on the last day of discovery and did not leave sufficient time

for West Marine to comply before the expiration of discovery.  (*Id.* at

PageID.1494).

Third-party subpoenas issued pursuant to Fed. R. Civ. P. 45 are subject to

the Court's scheduling orders.  *See Olmstead v. Fentress Cty., Tenn.*, 2018 WL

6198428, at *3 (M.D. Tenn. Nov. 28, 2018) ("Courts in this circuit have held that

subpoenas are discovery devices that are subject to the discovery deadlines in a

scheduling order.").  Discovery closed on February 20, 2023.  (ECF No. 12).

Plaintiff's request for a 45-day extension related to its motion to compel was

---

[1] Although Defendant's motion is titled as one for a protective order, Defendant
repeatedly asks the Court to "quash Universal's [s]ubpoena."  (ECF No. 26, PageID.1493;
PageID.1495; PageID.1496).

denied by the undersigned because both parties had already filed their dispositive motions and the undersigned saw no utility in extending the deadline on the facts then before the Court. (ECF No. 39). Thus, the February 20, 2023, subpoena was not timely because serving it on February 20, 2023, would not leave sufficient time for discovery to be completed by the deadline. That said, protective orders have been granted based on untimeliness. *See Focus Health Grp., Inc. v. Stamps*, 2020 WL 7774906, at *2 (E.D. Tenn. Dec. 30, 2020) (collecting cases); *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) ("To allow the Defendant to use a Rule 45 subpoena in order to depose a witness after the discovery cut-off deadline has passed, without express approval from this Court, would clearly amount to nothing more than a circumvention" of the scheduling order).

At the same time, a case management order can be modified if there is "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotation marks and citation omitted). The Court should also consider possible prejudice to the party opposing the modification. *Id.* "Even if an amendment would not prejudice the nonmoving party, the moving party must nonetheless demonstrate good cause for 'why he

3

failed to move for the amendment at a time that would not have required a modification of the scheduling order.'" *Barnes v. Malinak*, 2017 WL 3161686, at *2 (E.D. Tenn. July 25, 2017) (quoting *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010)).  When determining whether there is good cause to modify a case management order, courts generally consider: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).  The overarching inquiry in these factors is whether the movant was diligent in pursuing discovery. *Id.*  Indeed, courts are directed to first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to determine whether there are any other reasons to deny the motion. *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 479 (6th Cir. 2014).

As to whether good cause exists to extend the case management order, Plaintiff argues that "during depositions that Defendant took of Plaintiff's employees and agents on February 17 and 20, 2023, it became apparent that Defendant intends to argue, based on daily communications between Plaintiff's agents and West Marine, that West Marine moved its business from Plaintiff to

Defendant's employer and affiliates due to dissatisfaction with Plaintiff."  (ECF No. 34, PageID.1785).  Plaintiff argues good cause exists "as the suggestion that West Marine was switching carriers because it was disappointed with Plaintiff's quality of service was never raised by West Marine to Plaintiff or Plaintiff's agents" and the "only reason given was price."  (*Id.* at PageID.1786).

Plaintiff also argues he attempted for "several months" to obtain discovery related to damages and alleged violations, but that Defendant and other non-parties both refused to produce and objected.  (*Id.* at PageID.1787).  When the other non-parties provided written objections on February 9, 2023, Plaintiff then subpoenaed West Marine on February 20, 2023.  (*Id.* at PageID.1770).  And Plaintiff asserts it has continued to do business with West Marine throughout this litigation and "has been reluctant to drag a customer into this litigation" but Plaintiff "effectively lost all remaining business with West Marine" during February 2023.  (*Id.* at PageID.1770-71).

Plaintiff argues "Plaintiff has diligently attempted to obtain the subject discovery through the most direct, efficient, and appropriate means possible. Plaintiff submits there is good cause under Rule 16 to extend the deadline, re-open discovery, or at a minimum, deny Defendant's Motion since West Marine is cooperating with Plaintiff to produce the documentation."  (*Id.* at PageID.1788). Defendant does not attack the factual arguments Plaintiff makes regarding good

5

cause to extend the scheduling order; Defendant only cites a string of cases related to timeliness.  (ECF No. 36, PageID.1855).

Here, there was a flurry of activity just before the close of discovery. Despite this, Plaintiff acted quickly and subpoenaed West Marine promptly after being denied discovery by the Defendant and another non-party and upon learning Plaintiff "effectively lost all remaining business with West Marine."  (ECF No. 34, PageID.1770).  Plaintiff was diligent in pursuing this subpoena and moved for an extension of discovery.[2]  Good cause exists here.  Treating this subpoena as timely based on the good cause, the Court shall now address the other arguments for the protective order.

Defendant's second argument for the protective order is that the Court should "quash" the subpoena because Plaintiff did not notify Defendant prior to serving it in violation of Fed. R. Civ. P. 45.  (ECF No. 26, PageID.1495). Defendant notes that the purpose of Rule 45's notice requirement is to "'afford other parties an opportunity to *object to* the production or inspection' and *to move for a protective order* before the subpoena is served.  (*Id.* at PageID.1496)

---

[2] When the undersigned denied the extension of discovery only the two motions to compel were referred and the undersigned saw no value in extending discovery on the facts previously before the Court as both parties had already filed motions for summary judgment. (ECF No. 39, PageID.2218).

(emphasis added) (quoting *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 522 (E.D. Pa. Nov. 4, 2010)).

Rule 45 (a)(4) does not indicate what the sanction for failing to comply with the notice requirement is. Fed. R. Civ. P. 45. Some courts who have addressed this issue have held "the failure to comply with the requirements of Fed. R. Civ. Proc. 45(a)(4) is a basis to quash a subpoena." *Burkette v. E. Feliciana Par. Sheriff*, 606 F. Supp. 3d 297, 302 (M.D. La. June 10, 2022), *reconsideration denied*, No. CV 18-996-JWD-EWD, 2022 WL 16758256 (M.D. La. Nov. 8, 2022). Even so, the courts addressing a notice failure typically consider whether the failure "deprived [the opposing party] of a fair opportunity to protect its interests, resulting in prejudice." *Hall v. Louisiana*, No. CIV.A. 12-657-BAJ, 2014 WL 1652791, at *12 (M.D. La. Apr. 23, 2014) ("The Court finds that given the circumstances, Plaintiffs' failure to comply with Rule 30(b)(1) and 45(a)(4) deprived Defendant of a fair opportunity to protect its interests, resulting in prejudice."); *but see Martinez v. Target Corp.*, 278 F.R.D. 452, 453 (D. Minn. Nov. 16, 2011) ("Nevertheless, Target contends its subpoena should not be quashed because Ms. Martinez has shown no prejudice. Target's argument misses the point. The prejudice to Ms. Martinez is anticipated by the existence of Rule 45(b)(1)."). A notice failure under Rule 45 is not as significant where a party is not deprived of the opportunity to protect their interests. *Ezell v. Parker*, No. 2:14-

7

CV-150-KS-MTP, 2015 WL 859033, at *1 n.1 (S.D. Miss. Feb. 27, 2015)

("Plaintiffs provided notice of the subpoenas immediately after service, and

Defendants were not deprived of a fair opportunity to protect their interests. Thus,

the Court declines to quash the subpoenas based on Plaintiffs failure to comply

with Fed. R. Civ. P. 45(a)(4).").

Defendant here argues Plaintiff failed to provide proper notice.  (ECF No.

26, PageID.1496).  Plaintiff sent the subpoena via regular mail and Defendant did

not receive the subpoena until February 24, 2023.  (*Id.* at PageID.1492).  Plaintiff

argues the failure to provide notice prior to serving the subpoena was "an

inadvertent failure" resulting from "a clerical error" and that failure to strictly

comply with Rule 45 does not justify granting the motion.  (ECF No. 34,

PageID.1788).  Plaintiff argues that Defendant does not identify any prejudice

stemming from the notice failure.  (*Id.*).  Defendant argues the procedural defect

"presumptively prejudices" Defendant and notes the "lack of required notice not

only prejudiced [Defendant's] ability to timely focus on and file his Motion for

Summary Judgment but is also an affront to the fair adjudication of this matter."

(ECF No. 36, PageID.1858).  The dispositive motion deadline for this case was

March 6, 2023, and Defendant appears to have timely filed his motion for

summary judgment despite opposing the subpoena.  (ECF Nos. 8; 25).

The prejudice to Defendant, if any, appears *de minimis* and Plaintiff did provide notice in the form of a mailed subpoena, resulting in a four-day delay between when the subpoena was served on West Marine and when Defendant was notified.  Given Defendant was not deprived of his opportunity to file this motion for a protective order and the prejudice is minimal, the Court concludes this procedural defect is not per se sufficient to preclude execution of the subpoena.

Defendant's arguments about why the Court should enter a protective order are the timeliness and procedural defect of the subpoena.  Defendant makes no arguments on the substance of the good cause standard.  Defendant does not argue there is any annoyance, embarrassment, oppression, or undue burden or expense to the responding party.  Indeed, West Marine appears to be complying with the subpoena and has not otherwise objected to providing the materials sought.  As there is no showing of good cause, Defendant's motion for protective order is **DENIED**.  (ECF No. 26).

## II.     Motion for Leave to File Documents Under Seal

On March 6, 2023, Defendant filed a motion for leave to file documents in support of his motion for summary judgment under seal.  (ECF No. 27, PageID.1506).  Plaintiff consents to filing the documents under seal.

To begin, the motion is procedurally deficient.  Local Rule 5.3 provides procedures for filing civil material under seal.  Rule 5.3(b) governs here because

9

no rule or statute is cited as authorizing sealing the documents. Rule 5.3(b)

requires, among other things, that an unredacted version of the subject document

be filed under seal for evaluation by the Court.

It is also worth mentioning that in this Circuit, courts are not permitted to

take motions to seal lightly. The Sixth Circuit has long recognized a "strong

presumption in favor of openness" in court records. *Rudd Equip. Co., Inc. v. John*

*Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown &*

*Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The

"heavy" burden of overcoming that presumption rests with the party seeking to

seal the records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

299, 305 (6th Cir. 2016). The moving party must show that it will suffer a "clearly

defined and serious injury" if the judicial records are not sealed. *Id.* at 307. This

burden must be met **even if no party objects to the seal**, and it requires a

"document-by-document, line-by-line" demonstration that the information in the

document meets the "demanding" requirements for the seal. *Id.* at 308. In

delineating the injury to be prevented, "specificity is essential." *Id.* Typically,

"only trade secrets, information covered by a recognized privilege (such as

attorney-client privilege), and information required by statute to be maintained in

confidence (such as the name of a minor victim of a sexual assault)" are enough to

overcome the presumption of access. *Id.*

Should the Court order a document to be sealed, the Court must articulate why the interests supporting nondisclosure are compelling, why the interests supporting public access are not as compelling, and why the scope of the seal is no broader than necessary.  *Id.* at 306.

At issue here are exhibits C, F, and G of Defendant's motion for summary judgment.  (ECF No. 27, PageID.1506).  Defendant asserts these exhibits are the depositions of Tony Di Nallo (an agent for Plaintiff), Steve Place (Senior Director of Business Development for Plaintiff), and Brian Zimmerman (Director of Agency Services for Plaintiff) who are "each knowledgeable about the business relationship" between the parties.  (*Id.* at PageID.1507).  Attached as exhibits to the deposition testimony of Di Nallo and Zimmerman "are emails discussing the business relationship" between the parties.  (*Id.*).  Attached as exhibits to Place's deposition "are records of revenue and business reports regarding the alleged decrease in [Plaintiff's] business with West Marine."  (*Id.* at PageID.1507-8).  Defendant indicates "[t]hese reports" were designated as confidential or otherwise subject to the stipulated protective order in this case.  Defendant argues "courts routinely permit under seal filings to protect the type of confidential and commercially sensitive business and financial information at issue in Exhibits C, F, and G to Bridge's Motion for Summary Judgment."  (*Id.* at PageID.1508).  He asserts the documents to be filed under seal are "certain business information" and

11

"certain revenue data" which is "confidential and not publicly available." (*Id.* at PageID.1509).

The Court will **DENY WITHOUT PREJUDICE** this motion for leave to file under seal (ECF No. 27) because Defendant did not comply with Local Rule 5.3(b) and file an "an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. Under this section the unredacted version may be filed under seal for the limited purpose of resolving the motion to seal without a prior court order." The Court must review the documents to resolve whether they should be filed under seal and cannot do so because Defendant did not file them. Defendant also did not set forth sufficient argument showing entitlement to a seal under *Shane Group*.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.


Date: May 8, 2023.                          s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 8, 2023.


                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850