# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL TRUCKLOAD, INC., | ) CASE NO.: 2:22-CV-10988 |
| Plaintiff, | ) |
| | ) JUDGE BERNARD A. FRIEDMAN |
| vs. | ) |
| | ) MAGISTRATE JUDGE CURTIS |
| JOSEPH BRIDGE, | ) IVY, JR. |
| Defendant. | ) |

## DEFENDANT JOSEPH BRIDGE'S OBJECTION TO ORDER ON MOTION FOR PROTECTIVE ORDER; MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Federal Rule of Civil Procedure 72(a), Defendant Joseph Bridge ("Bridge") respectfully submits his Objection to the Order on Motion for Protective Order; Motion for Leave to File Under Seal ("Order") (ECF No. 43) entered by Magistrate Judge Curtis Ivy, Jr. Bridge respectfully requests that this Court set aside the Order with respect to Section I thereof—which denied Bridge's Motion for Protective Order (ECF No. 26)—and instead grant Bridge's Motion for Protective Order. The grounds for this Objection are more fully set forth in the accompanying Brief in Support, filed with this Objection and incorporated herein.

Dated: May 19, 2023                     Respectfully submitted,

/s/Joseph N. Gross
JOSEPH N. GROSS (Ohio Bar No. 0056241)
THOMAS D. JACKSON (Ohio Bar No. 0098911)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216-363-4500
Facsimile: 216-363-4588
Email: jgross@beneschlaw.com
Email: tjackson@beneschlaw.com

PAUL E. ROBINSON (P39327)
**SULLIVAN & LEAVITT, P.C.**
22375 Haggerty Road
Novi, Michigan 48375
Telephone: 248-349-3980
Facsimile: 248-349-2810
Email: per@sullivanleavitt.com

*Attorneys for Defendant Joseph Bridge*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| UNIVERSAL TRUCKLOAD, INC., | ) CASE NO.: 2:22-CV-10988 |
| Plaintiff, | ) JUDGE BERNARD A. FRIEDMAN |
| vs. | ) |
| JOSEPH BRIDGE, | ) MAGISTRATE JUDGE CURTIS IVY, JR. |
| Defendant. | ) |

**DEFENDANT JOSEPH BRIDGE'S BRIEF IN SUPPORT OF HIS OBJECTION TO ORDER ON MOTION FOR PROTECTIVE ORDER; MOTION FOR LEAVE TO FILE UNDER SEAL**

## **STATEMENT OF ISSUE PRESENTED**

Should the Court set aside the portion of the Magistrate Judge's Order denying Bridge's Motion for Protective Order and instead grant that Motion?

Bridge's Answer: Yes.

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ......................................................................................................1

   A. Standard of Review------------------------------------------------------------------ 1

   B. The Magistrate Judge's decision on the Motion for Protective Order is clearly erroneous and contrary to law because good cause existed to grant the Motion. -------------------------------------------------------------------------- 2

   C. Bridge is prejudiced by the disclosure of potentially relevant documents after the filing of dispositive motions in this case. ----------------------------- 3

III. CONCLUSION ...................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Martinez v. Target Corp.*,
   278 F.R.D. 452 (D. Minn. 2011)..................................................................................5

*United States v. Curtis*,
   237 F.3d 598 (6th Cir. 2001) ......................................................................................1

*United States v. United States Gypsum Co.*,
   333 U.S. 364 (1948)....................................................................................................1

*Williams v. Weems Cmty. Mental Health Ctr.*,
   2006 U.S. Dist. LEXIS 21845 (S.D. Miss. 2006).......................................................2

**Statutes**

28 U.S.C. § 636(b)(1) ........................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 26(c) ......................................................................................................2, 5

Fed. R. Civ. P. 45...............................................................................................................5

Fed. R. Civ. P. 72(a) ..........................................................................................................1

## I. INTRODUCTION

Bridge files this Brief in Support of his Objection to the Magistrate Judge's Order (ECF No. 43). Section I of the Order denied Bridge's Motion for Protective Order regarding the subpoena that Plaintiff Universal Truckload, Inc. ("Universal") issued to non-party West Marine Products, Inc. ("West Marine") on February 20, 2023 (the "Subpoena"). Bridge objects to Section I of the Order only.

To avoid unnecessary duplication, Bridge incorporates herein by reference his briefing pertaining to his Motion for Protective Order, ECF Nos. 26 and 36.

## II. ARGUMENT

### A. Standard of Review

Regarding non-dispositive, pretrial matters that have been referred to a magistrate judge, "the district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

> **B.  The Magistrate Judge's decision on the Motion for Protective Order is clearly erroneous and contrary to law because good cause existed to grant the Motion.**

The Magistrate Judge denied Bridge's Motion for Protective for one reason: that "there is no showing of good cause." (ECF No. 43, PageID.2259.) Bridge respectfully submits that the Magistrate Judge's conclusion is clearly erroneous and contrary to law.

In the Order, the Magistrate Judge acknowledges that the Subpoena was "not timely" and that "protective orders have been granted based on untimeliness." (ECF No. 43, PageID.2253.) This alone shows good cause to grant Bridge's Motion. That is because a subpoena's untimeliness constitutes good cause in and of itself. *See Williams v. Weems Cmty. Mental Health Ctr.*, 2006 U.S. Dist. LEXIS 21845, at *2 (S.D. Miss. 2006) (employing Fed. R. Civ. P. 26(c) to quash a subpoena served on a third party after the discovery deadline and noting that the service of the subpoena outside the discovery period constituted good cause for quashing it). The Order, then, imposes an untenable inconsistency. The Subpoena cannot be untimely, which the Magistrate Judge acknowledged, and there not be a showing of good cause by Bridge. Accordingly, the Magistrate Judge's holding that "there is no showing of good cause" is clearly erroneous and contrary to law. The Order denying Bridge's Motion for Protective Order should therefore be set aside and Bridge's Motion should, instead, be granted.

2

### C. Bridge is prejudiced by the disclosure of potentially relevant documents after the filing of dispositive motions in this case.

Bridge has already shown that he was prejudiced by Universal's untimely Subpoena, as Universal's circumvention of the Federal Rules of Civil Procedure was presumptively prejudicial. (*See* ECF No. 36, PageID.1857-1858.) Even without that argument, the fact remains that February 20, 2023, was the deadline for fact discovery in this case to be concluded, and the Court decided not to extend that deadline. (*See* ECF No. 39, PageID.2218.) Universal nevertheless obtained information from West Marine well after that deadline. Universal's seeking and eventually obtaining documents from West Marine is highly prejudicial to Bridge.

Both Universal and Bridge filed dispositive motions regarding the claims at issue in this case. (*See* ECF Nos. 24, 25, 35, 37, 40, 41.) The briefing associated with each dispositive motion to date was based on evidence obtained during the discovery timeframe ordered by the Court. Although the Court indicated that "[t]he parties may move to supplement their motions for summary judgment if they so choose," that opportunity to supplement was given in the context of Bridge and other subpoenaed non-parties being ordered to produce certain information relative to Universal's motions to compel, not the documents untimely sought by Universal's Subpoena to West Marine. (*See generally* ECF No. 39.) Although the parties anticipate supplementing their briefing due to the production of documents at issue on those motions to compel, Bridge should not be required to supplement his briefing

3

considering any new facts that may be discovered due to Universal's untimely Subpoena. If this matter goes to trial, Bridge should not have to face documents that he should have been able to study and conduct further discovery on during the agreed-upon and ordered discovery period. Potential witnesses discovered from the documents that West Marine produced in accordance with the Subpoena cannot be deposed. Facts garnered from those documents cannot be further examined through discovery.

    The rules concerning discovery matter. When one party circumvents the rules, the other party can be unfairly prejudiced. Here, Universal ignored the Court-established discovery completion date, not by a little, but by a lot. Universal did not provide notice to Bridge that it issued the Subpoena until four days after the Court-established discovery completion date and a mere six business days prior to the Court-established dispositive motion date. Although the Magistrate Judge correctly surmised that there was a flurry of activity just before the discovery completion date, Bridge submits that there was a flurry of activity during those six business days as well. And some of that flurry of activity was directly caused by Universal's circumvention of the discovery rules, which unfairly prejudiced Bridge's ability to focus on his dispositive motion and could, if the Order stands, unfairly prejudice Bridge's preparation for trial. The Magistrate Judge's sole focus of good cause as to whether West Marine was annoyed, embarrassed, oppressed, or faced undue burden

4

or expense is not what this Court is limited to examine. Fed. R. Civ. P. 26(c) also protects parties. Bridge submits that he faced undue burden and expense during those six business days. Plus, as the numerous authorities to which Bridge cites in his Motion (ECF No. 26) and Reply in Support thereof (ECF No. 36), Fed. R. Civ. P. 45 *presumes* that a party's use of a court's subpoena power without following the Rule or court-established deadlines is unfairly prejudicial to the other party. *See, e.g., Martinez v. Target Corp.*, 278 F.R.D. 452, 453 (D. Minn. 2011). Unfair prejudice is "anticipated by Rule 45(b)(1)." *Id.* Therefore, when prior notice is not provided, the sought discovery should not be permitted. *Id.*

### III.  CONCLUSION

For the foregoing reasons, Bridge respectfully requests that this Court set aside the portion of the Magistrate Judge's Order denying Bridge's Motion for Protective Order and instead grant Bridge's Motion.

Dated: May 19, 2023                            Respectfully submitted,

/s/Joseph N. Gross
JOSEPH N. GROSS (Ohio Bar No. 0056241)
THOMAS D. JACKSON (Ohio Bar No. 0098911)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: 216-363-4500
Facsimile: 216-363-4588
Email: jgross@beneschlaw.com
Email: tjackson@beneschlaw.com

PAUL E. ROBINSON (P39327)
**SULLIVAN & LEAVITT, P.C.**
22375 Haggerty Road
Novi, Michigan 48375
Telephone: 248-349-3980
Facsimile: 248-349-2810
Email: per@sullivanleavitt.com

*Attorneys for Defendant Joseph Bridge*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed on May 19, 2023, with the Clerk of Court using the CM/ECF System and served by email to all parties by operation of the Court's electronic system.

/s/Joseph N. Gross
JOSEPH N. GROSS
*One of the Attorneys for Defendant Joseph Bridge*

6

22815825 v3